**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-22939**

SHOWMOJO, LLC and TENANT TURNER, INC.,

*Plaintiffs,*

v.

THRESHOLD TECHNOLOGY LLC d/b/a RENTENGINE and ALEXANDER STRINGFELLOW,

*Defendants.*
_______________________________________/

**STIPULATED PRELIMINARY INJUNCTION ORDER**

WHEREAS, Plaintiffs Tenant Turner, Inc. ("Tenant Turner") and ShowMojo, LLC ("ShowMojo") (collectively, "Plaintiffs") commenced the instant action against Defendants Threshold Technology LLC d/b/a RentEngine ("RentEngine") and Alexander Stringfellow ("Stringfellow") (collectively, "Defendants" and together with Plaintiffs, the "Parties"), with the filing of the complaint (the "Complaint") on June 30, 2025 (ECF No. 1);

WHEREAS, on July 1, 2025, Plaintiffs moved this Court for issuance of a preliminary injunction against Defendants (ECF Doc. No. 7) (the "Motion");

WHEREAS, by Order, dated July 17, 2025, (Hon. Enjolique A. Lett, U.S.M.J.) (ECF No. 17), the Court set a hearing on the Motion for August 27, 2025 (the "Hearing Date");

WHEREAS, by Order, dated July 17, 2025 (Hon. Enjolique A. Lett, U.S.M.J.) (ECF No. 17), the Court granted the parties' joint motion to extend the expedited discovery schedule (the "Expedited Discovery Schedule");

WHEREAS, by Order, dated August 19, 2025 (Hon. Roy K. Altman, U.S.D.J.) (ECF No.

26), the Court granted Plaintiffs' unopposed motion to amend the caption;

WHEREAS, on August 19, 2025, Plaintiffs filed an amended complaint (ECF No. 28) (the "Amended Complaint") to correct a ministerial error in the naming of RentEngine; and

WHEREAS, Defendants do not oppose the relief as set forth herein;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties, through their undersigned respective attorneys, as follows:

1. RentEngine and Stringfellow, as well as persons acting in concert with them, including, but not limited to, Defendants' officers, employees, and agents, who receive notice of this Order, are enjoined and ordered as follows pending final adjudication of the above-captioned action:

    a. RentEngine and Stringfellow shall not directly or indirectly access password-protected areas of Plaintiffs' Websites.[1] This provision does not restrict or prohibit any current or prospective customer of Defendants from retrieving their own account data from Plaintiffs' Websites to which they have lawful access, or from sharing such account data with Defendants; provided, however, that such access or retrieval is limited exclusively to information pertaining to the customer's own accounts and does not include access to, or the sharing of, any information regarding the design, functionality, or operation of Plaintiffs' Websites beyond what is necessary for the customer to access and retrieve their own data.

    b. RentEngine and Stringfellow shall, within five (5) business days of execution of this Stipulation, voluntarily remove the following:

[1] "Website" means any online platform, portal, or digital environment that is owned or controlled by Plaintiffs and requires a username and password for access. This definition excludes any publicly accessible websites or pages that may be available to the general public without login credentials.

i. "ShowMojo vs Rent Engine" available at https://www.rentengine.io/blog/showmojo-vs-rentengine

ii. "Tenant Turner vs Rent Engine" available at https://www.rentengine.io/blog/tenant-turner-vs-rentengine

iii. "The Best ShowMojo Alternatives" available at https://www.rentengine.io/blog/showmojo-alternatives

iv. "The Best Tenant Turner Alternatives" available at https://rentengine.io/blog/tenant-turner-alternatives

v. Any references to ShowMojo or Tenant Turner in the blog post "How much does RentEngine cost? [2025]" available at https://www.rentengine.io/blog/how-much-does-rentengine-cost-2025-49155; otherwise the blog post may remain intact.

vi. Such removal or modification of the above blog posts is undertaken solely to avoid further dispute, conserve party and judicial resources, and shall not be construed as an admission that the blog posts contain false or misleading statements, nor as an admission of liability of any kind.

c. RentEngine and Stringfellow shall, within five (5) business days of execution of this Stipulation, voluntarily remove the representations from its FAQs (available at https://www.rentengine.io/) in comparing RentEngine to Plaintiffs that RentEngine is the "only all-in-one leasing platform" and that Plaintiffs' Platforms do not have 24/7 lead nurturing or end-to-end reporting.

d. Contemporaneously with the performance of Sections 1(b) and 1(c) herein, RentEngine and Stringfellow shall submit each affected URL (i.e., the specific web

addresses of the removed or revised content) to Google Search Console (https://search.google.com/search-console/about) and Bing Webmaster Tools (https://www.bing.com/webmaster/login/redirecttohomepage) using the "Request Indexing" tool promptly after the content is removed or modified. Defendants shall promptly provide Plaintiffs' counsel with screenshots of the successful submissions to Google Search Console and Bing Webmaster Tools showing that indexing has been requested, and shall within two weeks of the indexing requests, provide Plaintiff's counsel with screenshots of the submissions for the deleted pages (but not the modified pages) showing that the pages are either no longer indexed or unable to be indexed due to being removed. Deleted content should return a 410 Status Code.

e. RentEngine and Stringfellow shall, within five (5) business days of execution of this Stipulation and after conducting a reasonable search, return to Plaintiffs all originals, copies, or other reproductions in any form whatsoever, any record, document, data, or material that was imaged or copied from Plaintiffs' Websites (excluding customer account data provided by Defendants' current or prospective customers) ("Plaintiffs' Information").

f. RentEngine and Stringfellow shall not use, reference, disseminate or otherwise rely upon any of Plaintiffs' Information for any purpose, absent prior written consent from Plaintiffs or leave of court. This provision does not restrict or prohibit any current or prospective customer of Defendants from retrieving their own account data from Plaintiffs' Websites to which they have lawful access, or from sharing such account data with Defendants; provided, however, that such access or retrieval

is limited exclusively to information pertaining to the customer's own accounts and does not include access to, or the sharing of, any information regarding the design, functionality, or operation of Plaintiffs' Websites beyond what is necessary for the customer to access and retrieve their own data. This provision shall not be construed to prevent the Defendants from lawfully competing with Plaintiffs, or from discussing or referencing Plaintiffs' Information in their defense of this case, including in court filings, discovery materials, or other submissions in this case.

g. RentEngine and Stringfellow shall preserve and shall not delete, tamper with the intent to delete or modify, or modify with the intent to modify or delete the hard drives or any personal computers, phones, or other electronic devices, or accounts or repositories, in their possession, custody, or control, which are known or reasonably should be known to contain Plaintiffs' Information. In the event of any conflict between this provision and any applicable law governing spoliation of evidence, the standard imposing a heavier burden on Defendants shall apply.

2. By agreeing to this Order, RentEngine and Stringfellow do not admit liability or wrongdoing and preserve all available defenses, claims, objections, and rights. This Order shall not be construed as an admission by Defendants that Plaintiffs have stated any viable claims, suffered any irreparable harm, or are entitled to permanent injunctive relief.

3. This Order reflects a voluntary compromise between the Parties for the sole purpose of resolving interim injunctive relief, is not intended to constitute evidence in any proceeding, and shall have no binding effect except as provided herein.

4. RentEngine and Stringfellow shall not act in concert with anyone to violate the terms of this Order.

5. Plaintiffs' Motion shall be deemed resolved without prejudice, and the previously scheduled Hearing Date and related deadlines, including the deadlines set forth in the Expedited Discovery Schedule, shall be taken off calendar, except Defendants shall have through August 29, 2025 to complete their production of documents responsive to Plaintiffs' demands served under the Expedited Discovery Schedule.
6. The parties shall, within two (2) weeks of the entry of this Order, meet and confer and submit a Rule 16 report, which shall provide that the depositions of fact witnesses in Defendants' control shall be conducted by December 31, 2025, unless otherwise agreed to in writing by the parties.
7. In filing the Amended Complaint to correct the ministerial error in the naming of RentEngine, Plaintiffs have not availed themselves of their right to amend the Complaint once as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure.
8. Consistent with Local Rule 26.1(a), the parties may agree to modify any of the dates herein by an unfiled, written stipulation, provided doing so does not violate any other Court-ordered deadline, obligation, restriction or hearing date.
9. This Order shall remain in effect pending full adjudication of the above-captioned action.

**DONE AND ORDERED** in chambers in Miami, Florida on August ___, 2025.

____________________________________
Roy K. Altman
United States District Judge