UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22939-ALTMAN

TENANT TURNER, INC., and SHOWMOJO,
LLC,

     *Plaintiffs*,

v.

THRESHOLD TECHNOLOGY LLC, *d/b/a*
RENTENGINE, and ALEXANDER
STRINGFELLOW,

     *Defendants*.

_____/

## ORDER

On December 12, 2025, the Defendants filed a Motion to Compel Arbitration or, Alternatively, to Dismiss (the "MTC") [ECF No. 63]. In conjunction with the MTC, the Defendants filed a Motion to Stay Discovery (the "Motion") [ECF No. 64], arguing that "[a]llowing discovery to proceed before the Court rules on arbitrability would frustrate the federal policy favoring arbitration, impose unnecessary costs, and risk prejudice to Defendants' right to arbitrate." *Id.* at 1. The Plaintiffs maintain in turn that the MTC isn't "clearly meritorious," that "arbitrability is vigorously contested on multiple grounds," and that "the equities strongly disfavor a stay." Opposition to Motion to Stay Discovery [ECF No. 71] at 1 (quotation marks omitted). After careful review, we **DENY** the Motion.

A district court wields "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). But "motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (Bloom, J.) (cleaned up); *see also Cal Bridge, Inc. v. OneCal*, 2025 WL 3682759, at *1 (S.D. Fla. Jan. 22, 2025) (Altman, J.) ("A stay of discovery pending

the determination of a motion . . . is the exception rather than the rule." (cleaned up)). In determining whether to stay discovery pending the resolution of a dispositive motion, district courts take a "preliminary peek" to decide whether the motion appears "likely meritorious and dispositive of the case." *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (quotation marks omitted).

From our preliminary peek at the pending MTC, we "cannot say that this case is surely destined for dismissal." *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (Scola, J.); *see also Clampet v. Delta Air Lines, Inc.*, 2023 WL 4763127, at *2 (S.D. Fla. June 26, 2023) (Singhal, J.) ("Upon the Court's 'preliminary peek' at Defendant's Motion to Dismiss, this Court finds that dismissal is not a foregone conclusion."); *Brill Maritime, Inc. v. Boats Group, LLC*, 2025 WL 4092600, at *1 (S.D. Fla. Oct. 15, 2025) (Altman, J.) ("From our preliminary peek at the pending Motion to Dismiss, we can't reliably conclude that the Plaintiff's claims are unmeritorious[.]"). Nor can we say the Defendants have carried their burden to demonstrate good cause for a stay, given that they merely point to the generic risk of "being forced to litigate and engage in potentially extensive discovery," Mot. at 12, and that we've already allowed the parties to modify the schedule in this case, *see generally* Second Amended Scheduling Order [ECF No. 81]. *See Brill*, 2025 WL 4092600, at *1 ("[A]s courts in our District have repeatedly observed, these arguments won't do. They are premature and speculative[.]" (cleaned up)).

*   *   *

The Defendants seek to compel arbitration of non-signatories based primarily on a theory of equitable estoppel. *See also* MTC at 8 ("Plaintiffs now allege that Defendants agreed to the Terms of Use so, should equitable estoppel not apply, this dispute must be arbitrated."). In the alternative, they present a series of arguments for why the Plaintiffs fail to state a claim for each of the *eleven* counts in the Third Amended Complaint [ECF No. 57]. Those arguments might ultimately prevail. But the Plaintiffs counter with what appear (at least on our cursory review) to be colorable arguments to the

contrary. We thus cannot find that this case presents an "especially dubious" claim warranting a stay.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.36 (11th Cir. 1997).

      **DONE AND ORDERED** in the Southern District of Florida on April 23, 2026.

 

 

 

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record